NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESSE REY JACQUEZ, *Appellant*.

No. 1 CA-CR 17-0501
FILED 10-30-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-121271-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Kent E. Cattani joined.

**W I N T H R O P**, Judge:

**¶1**         Jesse Rey Jacquez ("Jacquez") appeals his convictions and sentences for three counts of aggravated assault and two counts of assault. Jacquez' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating he has searched the record for error but could not identify any "arguable question of law that is not frivolous."  Jacquez' counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (explaining that, after receiving an "*Anders* brief," this Court reviews the entire record for reversible error).  This Court allowed Jacquez to file a supplemental brief *in propria persona*, but he did not do so.

**¶2**         We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A) (2018).[1]  Finding no reversible error, we affirm Jacquez' convictions and sentences.

**FACTS AND PROCEDURAL HISTORY[2]**

**¶3**         Jacquez and C.P. ("Victim") were involved in an "on and off" relationship for approximately five years.  On the evening of May 8, 2015, Jacquez drove to Victim's home with the intent of questioning Victim about her Facebook account.  Jacquez believed Victim was cheating on him through her Facebook account.  Once Victim was in his car, Jacquez immediately confronted her about cheating.  Victim denied the allegation, and Jacquez subsequently hit Victim multiple times with his fist and a gun. He also choked Victim and pointed the gun at her, causing her to fear for

---

[1]     Absent material revision after the date of an alleged offense, we cite a statute's current version.

[2]     "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant."  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998) (internal citation omitted).

her life. After the altercation, Jacquez continued to drive around with Victim for several hours. Jacquez eventually left Victim near a gas station at approximately 2:00 a.m. the next morning. Victim called her mother, and, after seeing her daughter's condition, Victim's mother called the police.

¶4 Jacquez was arrested the next day and taken into custody. He received *Miranda*[3] warnings and, when questioned by the investigating detective, he denied hitting Victim. The State filed a complaint against Jacquez on May 12, 2015, and a grand jury charged Jacquez by indictment on May 18, 2015. The grand jury charges included: aggravated assault for punching Victim in the head, a class six felony (Count 1); aggravated assault for threatening Victim with a gun, a class three dangerous felony (Count 2); aggravated assault for causing various fractures to Victim's body, a class four felony (Count 3); aggravated assault for choking Victim, a class four felony (Count 4); aggravated assault for touching Victim with the intent to injure her, a class six felony (Count 5); and kidnapping for restraining Victim with the intent to injure her, a class two felony (Count 6). The State subsequently filed a supervening indictment, charging Jacques with the same crimes. The State also alleged several aggravating circumstances, including that the offenses: (1) involved the infliction of serious physical injuries; (2) caused physical, emotional and financial harm to Victim; and (3) were domestic violence offenses.

¶5 At trial, Jacquez admitted to lying in his interview with the investigating detective, stating that he feared being arrested and losing his family. He testified that he hit Victim after she pushed him and attempted to grab the steering wheel of his car. Jacquez also admitted to biting and choking Victim, but he maintained that he did not threaten Victim with a gun and he did not prevent Victim from leaving at any point during the night.

¶6 The jury found Jacquez guilty of aggravated assault as to Counts 1, 3, and 4. The jury also found Jacquez guilty of assault, the lesser included offense for Counts 2 and 5. After return of the guilty verdicts, the court held an aggravation phase. The jury found aggravating circumstances for each of the five counts.

¶7 At sentencing, the court considered the evidence presented at trial, a presentence report, letters and statements from Jacquez' family, and mitigating and aggravating factors. The court found that the presumptive

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

sentence was appropriate and sentenced Jacquez as a non-dangerous, non-repetitive offender as follows: 3 years' supervised probation to begin after Jacquez' prison term (Count 1); 89 days' imprisonment with a terminal disposition for 89 days of presentence incarceration (Count 2); 2.5 years' imprisonment with a credit for 89 days of presentence incarceration (Count 3); 2.5 years' imprisonment with a credit for 89 days of presentence incarceration (Count 4); 30 days' imprisonment with a terminal disposition for 30 days of presentence incarceration (Count 5). The court ordered the imprisonment terms for Counts 3 and 4 to run concurrently, and the court left the issue of restitution open for a period of one year.

## ANALYSIS

¶8        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. The record reflects the proceedings were conducted in compliance with Jacquez' constitutional and statutory rights and the Arizona Rules of Criminal Procedure. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The State presented evidence sufficient to allow the jury to convict Jacquez, and the jury was properly comprised of twelve members. The court properly instructed the jury on the elements of the charges, the State's burden of proof, and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court ultimately imposed legal sentences for the crimes of which Jacquez was convicted.

¶9        After the filing of this decision, defense counsel shall inform Jacquez of the status of his appeal and of his future options. Counsel has no further obligations related to this appeal unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Jacquez shall have thirty days from the date of this decision to proceed, if he desires, with a motion for reconsideration or petition for review.

## CONCLUSION

¶10        Jacquez' convictions and sentences are affirmed.

